# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

## DOCKET NO.: 24-11126-B

### DAVITA KEY,

PLAINTIFF – APPELLANT,

v.

### HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, HYUNDAI ENG AMERICA, INC., AND DYNAMIC SECURITY, INC.,

DEFENDANTS – APPELLEES.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
DISTRICT COURT CIVIL ACTION NO.: 2:19-cv-0767-ECM

## REPLY BRIEF OF APPELLANT

COUNSEL FOR APPELLANT:

Heather Newsom Leonard
HEATHER LEONARD, P.C.
2105 Devereaux Cir, Ste 111
Birmingham, AL 35234
Phone: (205) 977-5421
Heather@HeatherLeonardPC.com

Leslie A. Palmer
PALMER LAW, LLC
104 23rd St. S., Ste 100
Birmingham, AL 35233
Phone: (205) 285-3050
Leslie@PalmerLegalServices.com

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Eleventh Circuit Rule 26.1-1, the undersigned counsel of record for the Appellant hereby certifies the following is a complete list of the trial judges, attorneys, persons, associations of persons, firms, partnerships, corporations (including subsidiaries, conglomerates, affiliates, parent corporations and any publicly held corporation which owns 10% or more of the party's stock), and other identifiable legal entities related to a party that has an interest in this case.

| | |
|---|---|
| Bae, Yurie Yeoul | Initial Trial Counsel for Appellee HEA |
| Bond, Cortlin | Counsel for Appellee HEA |
| Bradley Arant Boult Cummings LLP | Counsel for Appellee HEA |
| Brown, Whitney R. | Counsel for Appellee HMMA |
| Bullock, Susan W. | Counsel for Appellee Dynamic Security |
| Burney, Schyler B. | Counsel for Appellee HEA |
| Deweese & Bae, LLC | Initial Trial Counsel for Appellee HEA |
| DeWeese, Richard L. Jr. | Initial Trial Counsel for Appellee HEA |
| Doyle, The Honorable Stephen M. | US Magistrate Judge |
| Dynamic Security, Inc. | Defendant – Appellee |
| Equal Employment Opportunity Commission | Amicus Curiea |
| FordHarrison, LLP | Counsel for Appellee Dynamic Security |
| Gilbride, Karla | General Counsel for EEOC Amicus |
| Goldstein, Jennifer S. | Associate Counsel for EEOC Amicus |

| | |
|---|---|
| Heather Leonard, P.C. | Counsel for Appellant Key |
| Hyundai ENG America, Inc. ("HEA") | Defendant – Appellee |
| Hyundai Motor Manufacturing of Alabama, LLC | Defendant - Appellee |
| Key, Davita | Plaintiff - Appellant |
| Lehr Middlebrooks Freeland & Thompson, PC | Counsel for Appellee HMMA |
| Leonard, Heather Newsom | Counsel for Appellant |
| Marks, The Honorable Emily C. | US District Court Judge |
| Middlebrooks, David | Counsel for Appellee HMMA |
| Miller, Matthew T. | Counsel for Appellee HEA |
| Occhialino, Anne Noel | Assistant General Counsel for EEOC Amicus |
| Palmer Law, LLC | Counsel for Appellant |
| Palmer, Leslie A. | Counsel for Appellant |
| Redmond, Wesley C. | Counsel for Appellee Dynamic Security |
| Smith, Scott Burnett | Counsel for Appellee HEA |
| Vaughn, Sarahanne | Counsel for Appellee HEA |
| Yeomans, Georgina C. | Counsel for EEOC Amicus |

Respectfully submitted this 2nd day of April, 2025.

/s/ Leslie A. Palmer
Leslie A. Palmer
*Attorney for Appellant*

OF COUNSEL:
PALMER LAW, LLC
104 23rd Street South, Suite 100
Birmingham, AL 35233
(205)285-3050
leslie@palmerlegalservice.com

ii

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ............................................................................i

TABLE OF CONTENTS ..................................................................................... iii

TABLE OF AUTHORITIES ...............................................................................iv

ARGUMENT ..........................................................................................................1

I.     The EEOC's Administrative Errors Cannot Prevent Key from Asserting her Rights under Title VII. ........................................................................................................... 1

   A.    The EEOC's Delay in formalizing the HMMA Charge does not preclude Key from Asserting her Rights.............................................................................................. 2

   B.    The EEOC's Failure to name HEA in the Charge it prepared does not preclude Key from Asserting her Rights. ................................................................................... 4

   C.    Key Never Received the EEOC Dismissal Issued against Dynamic. ............................ 6

II.    The Evidence and Pleadings Created a Dispute as to the Employment Relationship between Key and the Hyundai Entities. ...................................................................... 9

   A.    The Evidence Supports the Reasonable Inference that HEA had an Employment Relationship with Key.............................................................................................. 9

   B.    There is a Genuine Dispute as to HMMA's Employment Relationship........................ 9

   C.    The Hyundai Entities Can be Subject to Title VII Liability Even Where They are Not Found to be Employers. ........................................................................................ 10

III.   The Summary Judgment is Due to be Reversed on the Discrimination and Retaliation Claims. ............................................................................................................... 11

   A.    All Key's complaints were protected activity.......................................................... 12

   B.    The Evidence was Clear that Williams Played a Major Role. .................................... 13

IV.    Dynamic's Alternative Arguments Fail ................................................................. 13

CONCLUSION ....................................................................................................14

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(A) ...................... I

CERTIFICATE OF SERVICE................................................................................ II

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324  (11th Cir. 2004)...................7

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) .............................8

*Edelman v. Lynchburg Coll.*, 535 U.S. 106 (2002) ...................................1

*Fatz v. Winn-Dixie Stores, Inc.*, 2013 U.S. Dist. LEXIS 114055 (M.D. Fla. Aug 13, 2013) ...................................................................................3, 4

*Fed. Express Corp. v. Holowecki*, 552 U.S. 389 (2008) ..........................1

*Feliciano v. City of Miami Beach*, 707 F.3d 1244 (11th Cir. 2013) ........8

*Francois v. Miami Dade Cty.,* 432 F. App'x 819  (11th Cir. 2011)........................6

*Jefferson v. Sewon Am., Inc.*, 891 F.3d 911 (11th Cir. 2018)...........................10, 12

*Kerr v. McDonald's Corp.*, 427 F.3d 947  (11th Cir. 2005) ....................7

*Martinez v. Pavex Corp.*, 422 F. Supp. 2d 1284 (M.D. Fla. 2006). .......................10

*McClure v. Oasis Outsourcing II, Inc.*, 674 F. App'x 873 (11th Cir. 2016).............5

*Moore v. State Dep't of Human Res.*, No. 20:09-cv-1167-RDP, 2010 U.. Dist. LEXIS 152943 (N.D. Ala. Feb. 16, 2010) ............................................5

*Pardazi v. Cullman Med. Ctr.,* 838 F.2d 1155 (11th Cir. 1988) ............................11

*Pijnenburg v. W. Ga. Health Sys., Inc.*, 255 F3d 1304 (11th Cir. 2001)...................2

*Pijnenburg v. W. Ga. Health Sys., Inc.,* Civ. NO. 4:98-cv-187 (JRE), 2000 U.S. Dist. LEXIS 6178 (M.D. Ga. Mar. 20, 2000) ......................................6

*Quijano v. Univ. Fed. Credit Union*, 617 F.2d 129 (5th Cir. 1981)..........................9

*Sedlacek v. Hach*, 752 F.2d 333 (8th Cir. 1985) .....................................14

*Tynes v. Fla. Dep't of Juv. Just.*, 88 F4th 939 (11th Cir. 2023)..............................11

*Weeks v. S. Bell Tel. & Tel. Co.*, 408 F.2d 228 (5th Cir. 1969) ................................2

*Wilkerson v. Grinnell Corp*, 270 F.2d 1314 (11th Cir. 2001) ................................2, 6

**Statutes**

42 U.S.C. §2000e ...............................................................................10

42 USC §2000e-5 .................................................................................1

**Rules**

Eleventh Circuit Rule 26.1-1 ...................................................................i

Fed. R. App. P. 32 ............................................................................. I

Fed. R. Civ. P. 56 ..............................................................................8

## **ARGUMENT**

Holding a pro se employee responsible for errors by the Equal Employment Opportunity Commission ("EEOC") and denying her relief under Title VII violates of the purpose and spirit of law. Further, based on the summary judgment evidence, a genuine issue of material fact exists as to the employment relationship between the Hyundai entities and Key, the relationship between the Hyundai entities, the intent of the grooming policy, and Key's protected activity.

## I.  The EEOC's Administrative Errors Cannot Prevent Key from Asserting her Rights under Title VII.

Title VII does not condition an individual's rights on the EEOC's actions, and instead places the onus to act squarely on the EEOC. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 404 (2008), 42 USC §2000e-5. The statute is intended to protect the rights of the aggrieved, requiring a broad interpretation of undefined terms. *Holowecki*, 552 U.S. at 406 (holding that construing ambiguities in the ADEA against the filing party would "undermine the remedial scheme" intended by Congress). Key's only requirement under the statute was to file a charge, a term the statute left undefined by the statute. *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 112 (2002). There is no hard-set rule excluding an EEOC questionnaire from ever satisfying the administrative exhaustion requirement. In multiple instances concerning whether a charge was *timely* filed, the Circuit has looked to a number of factors. *See Pijnenburg v. W. Ga. Health Sys., Inc.*, 255 F3d 1304, 1305 (11th

Cir. 2001) ("[A]s a general matter an intake questionnaire is not intended to function as a charge[.]"), *Wilkerson v. Grinnell Corp*, 270 F.2d 1314, 1321 (11th Cir. 2001) ("An employee may satisfy the timely filing requirements through an EEOC intake questionnaire "when the circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process.").

### A. The EEOC's Delay in formalizing the HMMA Charge does not preclude Key from Asserting her Rights.

Key filed her intake questionnaire with the EEOC immediately after being removed from the Hyundai property containing all the information required for a valid charge, except for the verification. Key signed a Form 5 with a verification listing HMMA but further detailing the allegations from her questionnaire when notified to do so by the EEOC. The delay in the verification and/or notice to HMMA does not preclude Key from asserting her rights or prevent her questionnaire from serving as a charge.

Just five years into the interpretation of Title VII, the then 5th Circuit recognized the purpose of the EEOC's procedural requirements were to "protect employers from unfounded charges and harassment." *Weeks v. S. Bell Tel. & Tel. Co.*, 408 F.2d 228, 231 (5th Cir. 1969) (finding no issue with accepting an unsworn charge if the EEOC did not begin to investigate until the employee swore to the

contents.) Because the EEOC did not notify HMMA of the charge until Key swore to the contents, HMMA was not subject to the risk of harassment.

Though not controlling on this Court at least one district court considering an ADA claim initiated by an unverified intake questionnaire, provided an in-depth persuasive analysis of 11th Circuit and Supreme Court precedent concluding that where an employee later verified a charge from an unverified questionnaire that contained all other required information, the remaining question is "whether the circumstances would convince a reasonable person that [the employee] manifested her intent to activate the administrative process by filing the Intake Questionnaire with the EEC.". *Fatz v. Winn-Dixie Stores, Inc.*, 2013 U.S. Dist. LEXIS 114055, at *24-45 (M.D. Fla. Aug 13, 2013).

In *Fatz*, the employee signed – but did not verify a questionnaire seemingly identical to the one Key signed. The questionnaire in both cases contained the information suggested in the EEOC regulations and contained more than the minimum information needed*,* contained a privacy statement that stated the questionnaire may serve as a charge, and both checked the box noting they wanted to file a charge and authorized notice to their employer. *Id.* at 24-27. In *Fatz*, similar to the HMMA charge, the employee later swore to the allegations, but did so outside of the initial statute of limitations. *Id.* at *27. Utilizing the relation back principle authorized by the Supreme Court in *Edelman* (decided after this Circuit's

holding in *Pijnenburg*) and the Circuit's holding in *Wilkerson*, the *Fatz* court determined a sworn Form 5 executed outside of the statute of limitations could relate back to an otherwise sufficient Questionnaire to survive a motion to dismiss for exhaustion of administrative remedies. *See generally Fatz*, 2013 U.S. Dist. LEXIS 114055.

**B. The EEOC's Failure to name HEA in the Charge it prepared does not preclude Key from Asserting her Rights.**

For the same reason that the late executed Form 5 relates back to the Questionnaire for HMMA, it likewise satisfied the charge filing requirements for HEA. Key's Questionnaire sufficiently identified her grievances against the company, including specific individuals and their employers. The EEOC's failure to promptly or accurately act on that information cannot be attributed to Key, a lay person. At the very least, Key's operative judicial complaint satisfied the low bar of a motion to dismiss. At the pleading stage, and again on this appeal, HEA argued no notice and no common interest with HMMA. However, the limited information considered at the pleading stage, viewed in the light most favorable to Key reveals a plausibility to the allegations – all that is required at the pleading stage. Like the charge listing HMMA, the plausibility of Key's Title VII claims against HEA turns on whether Key's EEOC Intake Questionnaire was sufficient to active the EEOC administrative process. For the reasons argued above, the contents of the questionnaire along with Key's allegations reveal it was.

Key's case is distinguishable from another considered by this Court related to an unnamed party. *See McClure v. Oasis Outsourcing II, Inc.*, 674 F. App'x 873, 875 (11th Cir. 2016). In *McClure*, the employee listed "Holiday Inn Express" in her charge, instead of Oasis, her charge contained *no* factual allegations concerning Oasis or its employees, the word "Oasis" never appeared, and there was nothing in the record (including the response to the EEOC charge by Holiday Inn) that demonstrated Oasis had any notice. *McClure*, 674 F. App'x at 875. Key's Questionnaire and subsequent charges listed "Hyundai"[1] and named specific acts by specific employees of HEA[2], and HEA (Cassandra Williams) participated in

---

[1] The building where Key worked, the employee badge given to her, and the work shirt she was required to wear all bore the name "Hyundai" HEA and HMMA share the same physical address. Though HEA argues the use of the Hyundai name does not indicate a shared interest, shared interested is only one of many factors to consider. Reaffirming that the factors listed in Virgo are not a "rigid test" but required a consideration of multiple factors including at least similar interest, notice, opportunity, and prejudice, at least one district court declined to decide at the pleadings stage whether the plaintiff exhausted administrative remedies against an unnamed State DHR entity by listing the County entity. *Moore v. State Dep't of Human Res.*, No. 20:09-cv-1167-RDP, 2010 U.. Dist. LEXIS 152943, at *6-8 (N.D. Ala. Feb. 16, 2010). In the instant case, common interest is far less telling than the notice, opportunity, and prejudice. Because HEA was involved in the EEOC response by HMMA and because Key maintained other claims against HEA outside of the EEOC, they had notice, opportunity, and were not prejudiced.

[2] HEA's argument that Key "could have" listed HEA if she "wanted" to is misplaced. Key, a layperson, acted at the instruction and guidance of the government agency overseeing the administration and enforcement of the statutes. Any number of charging parties or attorneys could relay the difficulty (if not impossibility) faced when attempting to correct, change, or question the agency in its actions.

HMMA's response at the EEOC, all facts plausibly plead by Key. Accordingly, the district court erred by dismissing Key's Title VII claims against HEA.[3]

## C. Key Never Received the EEOC Dismissal Issued against Dynamic.

There is a disputed issue of material fact as to whether Key received the dismissal notice. Key timely filed suit against each of the three entities in this action. The Hyundai entities, for the first time on this appeal, argue that the Dismissal and Notice of Rights issued to Key by the EEOC make Key's complaint untimely. This argument fails for multiple reasons. First, the Hyundai entities failed to raise this argument at any point in the litigation until this appeal, so Key was never afforded an opportunity to develop a summary judgment record on this issue. It is well settled that "an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." *Access Now, Inc. v.*

---

[3] Notably, the main cases raising the issue of the sufficiency of the Questionnaire were decided at summary judgment or under the summary judgment standard. Notably, each of the three cases here was decided at summary judgment or utilizing the summary judgment standard because the court relied on additional information. *Pijnenburg v. W. Ga. Health Sys., Inc.,* Civ. NO. 4:98-cv-187 (JRE), 2000 U.S. Dist. LEXIS 6178, at *4-5 (M.D. Ga. Mar. 20, 2000) (applying the summary judgment standard); *Wilkerson*, 270 F.3d at 1317 (applying the summary judgment standard); *Francois v. Miami Dade Cty.,* 432 F. App'x 819, 820 (11th Cir. 2011) (noting the appeal of a grant of summary judgment). Further, as late as 2011, this Circuit had only addressed the sufficiency of Questionnaires as applied to the statute of limitations, not failure to exhaust defenses. This Circuit applied the same analysis to administrative exhaustion a decade later affirming a district court's summary judgment "[w]ithout definitively deciding whether an EEOC intake questionnaire may ever be considered when determining whether a plaintiff's Title VII [ ] claim has been exhausted[.]" *Francois*, 432 F. App'x at 822.

*Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11ᵗʰ Cir. 2004). Second, Key timely filed suit based on her *receipt* of the right to sue.

For all of the reasons argued at the district court and in Key's Blue brief, the district court erred in presuming Key received the EEOC's dismissal issued to Dynamic three days after it was issued. The facts in the case at bar do not align with *Kerr* and an analysis of the *Kerr* factors requires a reversal of the summary judgment. *See Kerr v. McDonald's Corp.*, 427 F.3d 947, 952-54 (11ᵗʰ Cir. 2005). Under *Kerr*, the district court should have considered whether Key had *adequate* and *actual* notice that the EEOC had terminated its investigation, and that she had assumed some responsibility or diligence to ensure she did not delay in her filing. *Id.*

Unlike the parties in *Kerr*, there is no record evidence that Key had adequate or actual knowledge that the EEOC had concluded its investigation, against Dynamic. In fact, if, as the Hyundai entities argue, the joint employer argument links the parties together for this purpose, the evidence is clear that the EEOC *did not* conclude its investigation with the issuance of the Dynamic notice and instead continued to investigate and ultimately issued a cause finding. Additionally, Key's

testimony, which must be given deference at summary judgment, established that she *never* received the Dynamic dismissal until it was filed in the lawsuit.[4]

Dynamic questions the reliability of Key's testimony, however, it is not proper to weigh evidence at summary judgment. Fed. R. Civ. P. 56. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether [the Court] is ruling on a motion for summary judgment or for a directed verdict.")

Key maintained communication with the EEOC, and participated in conciliation efforts – all related to her initial Intake Questionnaire and the Form 5s issued to her *by the EEOC*, and filed her suit *pro se* – within 90 of when she received the dismissal related to the conciliation efforts, even when she could not find an attorney. The legitimate inferences from these facts support that Key was diligent, took responsibility, did not delay, and made every effort to comply with the statute's requirements. To hold otherwise the district court stepped into the province of the jury. The record contains absolutely zero evidence of standard EEOC procedures, let alone that any procedures were followed in this case.

---

[4] Key's testimony, though self-serving, must not be disregarded. As this Court has noted, interest and truit are not mutually exclusive, and a court may "properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013) (cleaned up).

Accordingly, the district court's dismissal of Key's Title VII claims against Dynamic is due to be reversed and the Hyundai entitles cannot rely on Key's filing date to preclude liability.

## II. The Evidence and Pleadings Created a Dispute as to the Employment Relationship between Key and the Hyundai Entities.

Given the convoluted nature of the relationship between HMMA, HEA, and Dynamic, and their joint operation and control over the security employees at the Montgomery Hyundai facility, summary judgment was improper.

### A. The Evidence Supports the Reasonable Inference that HEA had an Employment Relationship with Key.

It is undisputed that Cassandra Williams exerted ultimate control over all Dynamic employees acting as security and mailroom staff at the facility. HEA is not entitled to alternative affirmance on the joint employee question. The evidence, viewed in the light most favorable to Key shows that Williams participated in her interview, set her hours, set the dress code and grooming policy, communicated with her about the grooming policy, and ultimately requested her removal from the facility. The Title VII claims against HEA should be reinstated.

### B. There is a Genuine Dispute as to HMMA's Employment Relationship.

Given the remedial purpose of Title VII, whether an entity is an employer must be decided with the broadest view of the evidence. *Quijano v. Univ. Fed. Credit Union*, 617 F.2d 129, 131 (5th Cir. 1981) (broadly interpreting the meaning

of "employer" to include a credit union that required membership). Under Title VII it is clear that the term employer includes a person/entity, or agent thereof. 42 U.S.C. §2000e (b) (defining employer).

The undisputed evidence showed Key attended safety training conducted by HMMA and was operating through some sort of contractual agreement between HMMA and HEA. The parties dispute how much control HMMA had over Key and other contractors, but that dispute must be resolved in Key's favor under the summary judgment standard. Additionally, the evidence and all reasonable inferences therefrom reveals that Williams or HEA may have been acting under some agency allowance. "In the context of **Title VII**, a supervisor is generally considered an "agent" of the employer" and the term "agent" should be liberally construed." *Martinez v. Pavex Corp.*, 422 F. Supp. 2d 1284, 1287 (M.D. Fla. 2006).

Key's agency arguments were not raised "late" but were raised by Key at the first briefing opportunity – in response and opposition to summary judgment. Additionally, a party cannot waive the correct application of the law. *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 922-23 (11th Cir. 2018).

## C. The Hyundai Entities Can be Subject to Title VII Liability Even Where They are Not Found to be Employers.

Even if the Hyundai entities were not Key's "employer" as argued at summary judgment, there are still subject to liability under Title VII as third-party

interferers. *Pardazi v. Cullman Med. Ctr.,* 838 F.2d 1155 (11th Cir. 1988) (finding Title VII liability where an entity interfered with the plaintiff's employment relationship with a third-party.)

## III.    The Summary Judgment is Due to be Reversed on the Discrimination and Retaliation Claims.

As a threshold matter, *McDonnell Douglas* has no application to this case. This Circuit has been clear that a plaintiff will survive summary judgment where she presents a circumstantial case that the employer violated the statute in question. *Tynes v. Fla. Dep't of Juv. Just.*, 88 F4th 939, 941 (11th Cir. 2023). Key is not required to meet any evidentiary framework or find a comparator. Additionally, so there is no confusion as to Key's arguments, she has not argued convincing mosaic as a theory of liability. Instead, the convincing mosaic is a metaphor utilized by this Circuit to refer to a circumstantial case, nothing more. Putting aside labels, Key has presented evidence (circumstantial or direct) that the policy in question was created and utilized to prevent African American's from wearing dreadlocks when working in positions of public/visitor visibility. Simply put, all Key must show to proceed to a jury is *any* evidence to support her allegation that HEA/HMMA treated her a particular way because of her race or complaint.

Much of this case turns on Robinson's statement about the "Koreans." HMMA is misplaced in its argument that Key cannot raise this statement as direct evidence now. Key has relied on this statement from the filing of her EEOC

Questionnaire, categorizing it into a type of evidence serves no purpose. Further, this Circuit addressed a similar issue in *Jefferson* where the employee relied on a statement but did not it categorized as circumstantial evidence but the Court viewed as direct evidence. "[P]arties cannot waive the application of the correct law or stipulate to an incorrect legal test." *Jefferson*, 891 F.3d 911 (11th Circ. 2018). The Court noted that because the plaintiff in *Jefferson* relied on the statement, the district court should have recognized it as direct evidence. And should not have applied *McDonnell Douglas* which the court has never applied to direct evidence. *Id.* Likewise, considering Key's reliance on the Robinson statement (and blatant statements about pregnancy), the district court erred in granting summary judgment.

At the very least, Key has presented *some* evidence, of discrimination and retaliation – which viewed with the correct light and inferences required a denial of the summary judgment motions.

## A. All Key's complaints were protected activity.

A complaint about a race-based policy – grooming or otherwise – is protected activity. In dismissing the retaliation claims against the Hyundai entities, the district court misapplies the facts related to the timing of Key's complaints. Key provided Chambliss with her written complaint *immediately* after hearing the "Koreans" statement from Robinson. When her trainer reported her complaint, she

specifically stated it was a complaint of "discrimination." Viewing the evidence in the light most favorable to Key and drawing all reasonable inferences in her favor show Williams and Robinson knew Key complained to her co-worker about discrimination and had that knowledge when they removed her from the facility. Also, importantly, Key's knowledge of whether any laws prohibited employers from having a no-dreadlocks policy where her belief was based on the specific discriminatory application.

### B. The Evidence was Clear that Williams Played a Major Role.

There is no dispute that Williams and Robinson were both involved in the decision to remove Key from the Hyundai facility. While they have no control over what Dynamic did with Key after that, they were the catalyst to the initial discrimination and retaliation. The damages Key incurred from the two days of partial work and initial removal are different from the damages she incurred from Dynamic's continued retaliation. Accordingly, her jury verdict against Dynamic does not bear on her claims against the Hyundai entities.

### IV. Dynamic's Alternative Arguments Fail

Dynamic makes several arguments for alternative affirmance of the Title VII summary judgment. However, these arguments fail for the same reasons they failed at the district court on the 1981 retaliation claim. Because this is a cross-appeal

from Key's verdict, the arguments have been fully briefed in the companion

briefing.

## **CONCLUSION**

Key's path to the courthouse doors cannot be blocked by administrative

errors and a weighted view of the evidence. The relationship between the entities,

their conduct toward Key, and the EEOC's involvement cloud the ultimate issue –

is there any evidence that these entities discriminated and retaliated against Key

because of her race and/or pregnancy. "Title VII is a remedial statute intended to

eliminate the inconvenience, unfairness, and humility of discrimination. Consistent

with the basic purpose of Title VII," Key should "have her day in court." *Sedlacek*

*v. Hach*, 752 F.2d 333, 337 (8th Cir. 1985). The district court's prior dismissals

(Doc. 38, Doc. 138) should be reversed, and the case remanded.

## <u>CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(A)</u>

1.  This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) and Fed. R. App. P. 29(d) because it contains 3414 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) as calculated by the word-counting feature in Microsoft Office 365.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally-spaced typeface using Microsoft Word in 14 point-font, Times New Roman.

Dated: April 2, 2025                                   /s/ Leslie A. Palmer
                                                                      OF COUNSEL

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 2, 2025, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system, which will send notification

of such filing to all counsel of record

/s/ Leslie A. Palmer
Leslie A. Palmer,
Attorney for Davita M. Key